STRATTON *v.* THOMAS.

Principal and Surety—Exhaustion of Remedy Against Principal—Collusion—Equity.

Where a judgment was obtained against a principal and his surety, and a levy made on the land of each, and subsequently, by collusion between them, the principal's land was sold to a third person, who was ignorant of the levy, the surety could not maintain a bill to restrain the sheriff from first selling his land in satisfaction of the judgment.

Appeal from Van Buren; Carr, J.   Submitted January 8, 1903.   (Docket No. 15.)   Decided May 29, 1903.

Bill by George Stratton against Wesley J. Thomas, sheriff of Van Buren county, Charles H. Wall, and Orson F. Stickney, to restrain the sale of certain land on execution. From a decree dismissing the bill, complainant appeals. Affirmed.

*Hammond & Hammond*, for complainant.

*Thomas J. Cavanaugh*, for defendants.

HOOKER, C. J. George and Theodore Stratton were brothers. A replevin suit was commenced by the latter against Wall in justice's court, and he was defeated, both in the justice's court, and, upon appeal, in the circuit. George Stratton was surety for his brother both in the original replevin bond and the appeal bond. Subsequently Wall recovered a judgment upon these bonds against both of the Strattons, and an execution was issued and levied upon an 80-acre parcel then belonging to George, and one of 50 acres then owned by Theodore. Subsequently, and pending the levy, Theodore sold the 50-acre parcel to Stickney, who was ignorant of the levy. Upon ascertaining about it, he arranged with the sheriff to first sell the 80-acre parcel owned by George. The bill in this cause was filed by George to restrain such action, and to compel the sale of the 50-acre parcel first, upon the claim that the surety should be protected by the sale of the property of the principal. The bill was dismissed, and complainant has appealed.

The defendants claim that the Strattons collusively caused the sale to be made to Stickney, and that the complainant has not come into court with clean hands. The evidence shows that, at the time the action upon the bonds was begun, Theodore Stratton owned the 80-acre parcel, and occupied it as a homestead. It was worth about $2,000, and was mortgaged for $1,000. George Stratton then owned the 50-acre parcel, which was incumbered to the amount of $250. Before the execution was levied, the brothers exchanged properties. Theodore conveyed his

80-acre parcel to George, and received in return the 50-acre lot and a house and lot in Watervliet, into which he moved, and which he has since occupied as a homestead. He gave back a mortgage upon the 50 acres for $1,000. Stickney paid $1,000 for the 50-acre lot, and took it subject to the mortgage, which he paid, in ignorance of the levy. George Stratton testified that he had nothing to do with the sale to Stickney, and knew nothing of it until after it was consummated; and Stickney stated that he asked him, about three weeks before the trade was made, whether he and Theodore "had made a deal yet." Theodore testified that George had nothing to do with the deal. Our examination of the evidence leads us to the same opinion as that indicated by the learned circuit judge by his decree. He saw the witnesses, and we have no doubt that he reached a just conclusion in the case.

The decree is affirmed, with costs.

The other Justices concurred.